UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALI ZUHER ABDULRADA,<br><br>Defendant. | Case No.:  2:22-CR-0095-TOR<br><br>PROTECTIVE ORDER |

### PROTECTIVE ORDER GOVERNING
### GENERAL AND SENSITIVE DISCOVERY

WHEREAS, the United States has a compelling interest in preventing certain sensitive discovery materials, including declassified material[1] (collectively "Sensitive Discovery Materials"), from being disclosed to anyone not a party to the court proceedings in this matters; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendant and third parties;

---

[1] As used herein, the term "Declassified Materials" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the Government to defense counsel as part of discovery in this case.

PROTECTIVE ORDER - 1

AND WHEREAS, the United States seeks to tender to the defendant certain Sensitive Discovery Materials;

AND WHEREAS, the Court has the power under Rules 16(d)(1) and 26.2 of the Federal Rule of Criminal Procedure to grant appropriate relief to the parties where required in the interests of justice;

**THEREFORE, IT IS HEREBY ORDERED** pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the United States shall segregate the discovery materials it produces to the defendant and his counsel of record into two category: (1) General Discovery Materials, and (2) Sensitive Discovery Materials. The category to which particular discovery materials belong shall be clearly identified by the United States.

**IT IS FURTHER ORDERED** that, except as provided below, General Discovery Materials shall not be further disseminated[2] by the defendant or his counsel of record to any individuals, organizations, or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretary staff); and (ii) experts retained to assist in the preparation of the defense. Members of the defense team may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of the Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel;

**IT IS FURTHER ORDERED** that Sensitive Discovery Materials shall not be further disseminated by the defendant or his counsel of record to any individuals,

---

[2] "Disseminated" means to provide, show, or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

PROTECTIVE ORDER - 2

organizations, or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal.  Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this Protective Order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.  The Government shall provide copies of any Sensitive Discovery Material appropriately so marked.  It is expressly understood that counsel for the defendant or co-counsel may not disseminate any of such Sensitive Discovery Materials to witnesses or potential witnesses.  The defendant may seek relief from these provisions as to a particular item or items of discovery by providing notice to the Court of intent to disseminate particularly identified item(s) to a witness and the purpose in doing so.  Notice shall be filed under seal.  No disclosure of the item(s) to the witness(es) shall be made until the Court so permits.  The Court, after notifying the defense, may consult with the United States regarding any dissemination requests pursuant to this paragraph.

**IT IS FURTHER ORDERED** that no General Discovery Material or Sensitive Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order.  The signed Memorandum of Understanding shall be filed with the Court under seal.  The substitution, departure, or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Protective Order of the Memorandum of Understanding executed in connection with this Order;

**IT IS FURTHER ORDERED** that all discovery materials, whether general or sensitive, in this case are now and will forever remain the property of the United States Government.  At the conclusion of this case, all discovery materials shall be destroyed or

maintained under secure conditions by defense counsel. Upon written request of the United States, all discovery materials shall be returned to the Government.

**IT IS FURTHER ORDERED** that defense counsel in receipt of Sensitive Discovery Materials may only make copies of the Sensitive Discovery Materials in accordance with this order. Defense counsel shall not remove from any copies of either General Discovery Materials or Sensitive Discovery Materials any inscription made by the Government identifying the materials as "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission";

**IT IS FURTHER ORDERED** that all discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

**IT IS FURTHER ORDERED** that no party shall make, or participate in the making of, any extrajudicial disclosure of Sensitive Discovery Materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain;

**IT IS FURTHER ORDERED** that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

**IT IS FURTHER ORDERED** that counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place;

**IT IS FURTHER ORDERED** that nothing in this Order shall preclude the United States or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material; and

//

//

**FINALLY, IT IS ORDERED** that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

**IT IS SO ORDERED.**

DATED August 31, 2022.

                      THOMAS O. RICE
            United States District Judge